
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL JESUS LOPEZ-ISLAVA, AKA Manuel Jesus Islava-Lopaz, AKA Manuel De Jesus Lopez, AKA Manuel DeJesus Lopez Islava, | No. 14-71920 |
| | Agency No. A092-446-307 |
| Petitioner, | |
| | MEMORANDUM* |
| v. | |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2015**
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and PARKER,*** Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Petitioner Manuel Jesus Lopez-Islava (Lopez-Islava) petitions for review of a decision of the Board of Immigration Appeals (BIA) determining that Lopez-Islava's conviction for residential burglary under Arizona Revised Statute § 13-1507 was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Lopez-Islava's burglary offense constituted a crime of violence under 18 U.S.C. § 16(b).[1]

However, we conclude that our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015), where the Court held that the residual clause defining a violent felony under the Armed Career Criminal Act of 1984 was unconstitutionally vague. We held that the similar "residual clause definition of a violent felony [under 18 U.S.C. § 16(b)] is unconstitutionally vague. . . ." *Dimaya*, 803 F.3d at 1111 (internal quotation marks omitted). We are bound by this precedent, which does not support the BIA's determination.

The petition for review is **GRANTED** and we **REMAND** to the BIA for further proceedings consistent with this disposition.

---

[1] 18 U.S.C. § 16(b) defines a crime of violence as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."